IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00065-BNB

REYNOLDO L. FLORES,

    Applicant,

v.

JOHN D. CHAPDELAINE, Acting Warden for the Sterling Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, Reynoldo L. Flores, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. He initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) on January 11, 2012. He has paid the $5.00 filing fee for a habeas corpus action.

    The Court must construe the habeas corpus application liberally because Mr. Flores is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Flores will be ordered to file an amended application.

    The application Mr. Flores submitted to the Court on January 11, 2012, is deficient. First, the application fails to make clear what, if any, constitutional claims Mr. Flores is asserting. In order to pursue § 2254 claims, a litigant must allege that he or

she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Secondly, the application is unnecessarily verbose, and the attached appendixes fail to clarify Mr. Flores' individual claims.  As a result, the Court finds that the application fails to comply with Rule 8 of the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Flores go beyond notice pleading.  *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977).  Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  In the amended application, Mr. Flores must allege both the constitutional claims he seeks to raise and the specific facts to support each asserted claim.  Accordingly, it is

ORDERED that **within thirty days from the date of this order** Applicant,

Reynoldo L. Fores, file an amended application that complies with this order.  It is

FURTHER ORDERED that Mr. Flores shall obtain the Court-approved habeas corpus form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Flores fails within the time allowed to file an amended application as directed, the action will be dismissed without further notice.

DATED January 20, 2012, at Denver, Colorado.

BY THE COURT:

*s/Craig B. Shaffer*
CRAIG B. SHAFFER
United States Magistrate Judge