IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00065-PAB

REYNOLDO L. FLORES,

     Applicant,

v.

JOHN D. CHAPDELAINE, Acting Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Reynoldo L. Flores filed *pro se* on November 6, 2014 a motion titled "A Motion for this Federal District Court to Affirm Jurisdiction" [Docket No. 32].  The Court must construe the motion liberally because Mr. Flores is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion will be construed liberally as a motion to reconsider the dismissal of this action and denied.

In the November 6 motion, Mr. Flores asks this Court to affirm its sole jurisdiction for this case from March 1, 2012, through February 15, 2013.  He apparently seeks to affirm this Court's jurisdiction because he had a Case No. 99CR2960 pending in the state courts during the same time period.  However, Mr. Flores fails to assert with clarity the reason or reasons he seeks such an affirmance, and the Court fails to understand the underlying purpose of his request.  In any event, Mr. Flores initiated the instant

action on January 11, 2012, by filing an Application for Writ of Habeas Corpus Pursuant

to 28 U.S.C. § 2254 [Docket No. 1], and the action was dismissed on February 20,

2012 [Docket No. 30].  The judgment [Docket No. 31] was entered on November 20,

2012.

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  A motion to

reconsider filed more than twenty-eight days after the final judgment in an action should

be considered pursuant to Rule 60(b).  *See Van Skiver*, 952 F.2d at 1243 (stating that a

motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed

within the limit set forth under Rule 59(e)).  Mr. Flores's request for reconsideration was

filed almost two years after the Court's dismissal order and judgment were entered on

November 20, 2012.  Therefore, the motion will be construed as a motion to reconsider

filed pursuant to Fed. R. Civ. P. 60(b).

As previously stated, the Court denied the habeas corpus application and

dismissed the action with prejudice on November 20, 2012.  The November 20

dismissal order discusses in detail the reasons for the dismissal.  *See* Docket No. 30.

Rule 60(b) allows a court to grant relief from an order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . ., misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged . . . ; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). Moreover, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir. 1990); *see also Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994) (relief under Rule 60(b) is appropriate only in extraordinary circumstances. Rule 60(b) has dual timeliness standards: a "reasonable time" standard for motions filed under 60(b), and a maximum one-year statute of limitations from entry of the judgment for motions filed under 60(b)(1), (2), or (3). Fed. R. Civ. P. 60(c).

In the instant case, Mr. Flores' request for reconsideration does not satisfy any of the above six grounds for relief. Moreover, the Rule 60(b) motion, filed almost two years after the dismissal of this 28 U.S.C. § 2254 action, was not filed within a reasonable time. *See United States v. Mack*, 502 F. App'x 757, 759-60 (10th Cir. 2012)

(28 U.S.C. § 2255 action) (citing *Davis v. Warden, Fed. Transfer Ctr., Okla. City*, 259 F. App'x 92, 94 (10th Cir. 2007) (28 U.S.C. § 2241 action) (holding that because petitioner "was aware of the basis for his objection as of the day the district court entered its order" but "waited almost three years to file his [Rule 60(b)(6)] motion" and did not explain the delay, the motion "could appropriately be considered beyond a 'reasonable time'"); *United States v. Morales-Morales*, 222 F. App'x 796, 796-97 (10th Cir. 2007) (28 U.S.C. § 2255 action) (affirming denial of Rule 60(b)(6) motion as untimely where petitioner waited a year and a half to file his motion); *United States v. Cleaver*, 319 F. App'x 728, 731 n.2 (10th Cir. 2009) (28 U.S.C. § 2255 action) ("Because [petitioner] waited two years to complain . . . it does not appear that [he] raised his Rule 60(b)(6) motion in a 'reasonable' time.")).  A 28 U.S.C. § 2254 habeas corpus application is a state prisoner's vehicle for post-conviction relief and a 28 U.S.C. § 2255 proceeding is the federal prisoner's version of habeas corpus.  Grounds for relief under 28 U.S.C. § 2255 are equivalent to those encompassed by 28 U.S.C. § 2254.  *Davis v. United States*, 417 U.S. 333, 344 (1974).

Upon consideration of the motion and the entire file, the Court finds that Mr. Flores fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  The Fed. R. Civ. P. 60(b) motion does not alter the Court's conclusion that this action properly was dismissed.  Therefore, the Fed. R. Civ. P. 60(b) motion will be denied.

Accordingly, it is

ORDERED that the motion titled "A Motion for this Federal District Court to Affirm Jurisdiction" [Docket No. 32)] that Applicant, Reynoldo L. Flores, filed *pro se* on November 6, 2014, and which the Court has construed liberally as a motion seeking relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is denied.

DATED November 7, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge